**MICHAEL EDWARDS. ESQ.**
Nevada Bar No. 6281
**RYAN A. LOOSVELT, ESQ.**
Nevada Bar No. 8550
**MESSNER REEVES LLP**
8945 W. Russell Road, Suite 300
Las Vegas, Nevada  89148
Telephone:   (702) 363-5100
Facsimile:    (702) 363-5101
medwards@messner.com
rloosvelt@messner.com
*Attorneys for Defendant*
*Aspen Specialty Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | CASE NO.:   2:20-cv-01374-APG-DJA |
| Plaintiff, | **AMENDED STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY** |
| vs. | |
| ASPEN SPECIALTY INSURANCE COMPANY, | **(FIRST REQUEST)** |
| Defendant. | |

Pursuant to Local Rules IA 6-1 and 26-3, IT IS HEREBY STIPULATED AND AGREED by and between ZURICH AMERICAN INSURANCE COMPANY ("Plaintiff") and ASPEN SPECIALTY INSURANCE COMPANY ("Defendant") that the current discovery deadlines be extended in the above referenced matter. This is the first stipulation to extend discovery deadlines.

### I.   BACKGROUND

This case was filed on September 9, 2020. This insurance coverage dispute arises out of the alleged failure of Defendant to provide proper defense and its refusal to settle an underlying personal injury claim within policy limits related to injuries sustained by Steven and Melissa Cochran, which occurred at the Marquee Nightclub ("Marquee") in The Cosmopolitan Hotel and Casino ("Cosmopolitan"). As the general liability policy insurer for the Cosmopolitan, Plaintiff

1
2    brings claims against Defendant for subrogation, contribution, and indemnification against Defendant, the general liability policy insurer for the Marquee.

3
4    Defendant filed a Motion to Dismiss Plaintiff's Complaint on October 27, 2020 (Doc. 7).
5    Plaintiff filed an Opposition to the Motion to Dismiss on December 1, 2020, and Defendant filed
6    its Reply on January 5, 2021. (Doc. Nos. 11, 18). The Motion having been fully briefed, the
7    parties are awaiting a ruling from the Court. As such, no answer has been filed in this action.

8    On April 1, 2021, the parties met and conferred to discuss the scope of discovery, issues
9    involving disclosures, discovery and preservation of electronically stored information, and
10   potential claims of privilege. Subsequently, on April 21, 2021, the parties submitted their
11   Stipulated Discovery Plan and Scheduling Order, requesting special scheduling review (Doc. No.
12   21). The Court denied the Stipulated Discovery Plan and Scheduling Order without prejudice,
13   stating the parties failed to demonstrate adequate reason for the lengthy discovery period of 384
14   days requested therein (Doc. No. 22). At that time, the Court ordered that discovery begin and
15   provided a scheduling order whereby initial expert disclosures would be due three months after the
16
17   date of the April 30, 2021 Order. *See id.*

18   The parties subsequently filed a Stipulation and Order to Extend Discovery (First Request)
19   and for Defendant to Serve Supplemental Responses to Plaintiff's First Set of Request for
20   Production of Documents ("First Stipulation"), requesting a six-month extension of the discovery
21
22   deadlines set by the Court on April 30, 2021. (Doc. No. 23). The Court denied the First Stipulation
23   without prejudice for failure to comply with the requirements of Local Rule 26-3, and ordered that
24   any subsequent stipulation to extend discovery deadlines comply with the provisions of LR 26-3.
25   (Doc No. 24). The parties file this Amended Stipulation and Order to Extend Discovery in
26   compliance with the Court's directives.

27   / / /

28   / / /

## II. DISCOVERY COMPLETED TO DATE

On December 4, 2020, Plaintiff propounded its First Set of Requests for Production, and Defendant served its responses on January 6, 2021.

On May 26, 2021, Plaintiff served its initial disclosures.

## III. DISCOVERY THAT REMAINS TO BE COMPLETED

The parties will produce and supplement their FRCP 16.1 disclosures as necessary and appropriate, as additional information and documentation are made available in the course of discovery. Specifically, the parties intend to obtain and produce the pleadings, motions, and other papers on file in the underlying action and to subpoena non-privileged files in the underlying case, including defense files, non-privileged communications, and related records, as well as their own claims files and other non-party insurer claims files. Defendant is collecting information and documentation regarding the underlying personal injury action to fully evaluate Plaintiff's alleged injuries and reviewing the same for privilege prior to serving its initial production. Documents may need to be produced subject to a Stipulated Protective Order, as to be negotiated by the parties and approved by the Court.

Prior to disclosing expert reports, the parties anticipate that numerous depositions will be taken, including, but not limited to, percipient witnesses to the underlying personal injury action, each other's Rule 30(b)(6) witnesses, non-party insurance representatives and underlying defense counsel, including counsel from the law firms of Cohen & Padda, Eglet Adams, Hall Jaffe & Counsel, and Resnick & Louis. It is anticipated that issues regarding privilege will arise within the course of discovery that will require resolution.

The parties need to designate initial experts and exchange reports after depositions are taken. The parties will then need to conduct the depositions of Plaintiff's Expert(s) and Defendant's Expert(s).

Defendant intends to serve written discovery requests on Plaintiff, and Plaintiff may serve additional written discovery as needed.

## IV. REASONS FOR NOT COMPLETING DISCOVERY

The parties respectfully request this extension to allow written discovery and depositions to take place prior to the initial expert disclosure deadline. This is an alleged subrogation action amongst insurers concerning alleged damages for payments made in an underlying action. This discovery extension is requested based on the complexity of this case, delays associated with the COVID-19 crisis, and the need for discovery prior to initial expert designations and reports.

The volume of discovery necessary in a high stakes insurance subrogation case with significant damages at issue makes it challenging to obtain the information and conduct all necessary depositions in time to serve expert disclosures under the standard deadlines, and the parties submit the issues in the case and volume of discovery necessary in a case like this constitutes good cause to extend the deadlines. The parties acknowledge they were slow to start discovery while awaiting a ruling on the still-pending Motion to Dismiss that seeks potentially dispositive relief, but intend to complete discovery diligently moving forward to meet the extended deadlines.

Additionally, good cause exists to extend the discovery deadlines given the inherent difficulties and delays necessarily associated with completing discovery during the Covid-19 crisis earlier in this litigation. Since March 2020, Nevada has been under various Emergency Directives from the Nevada Governor's Office due to the Covid-19 crisis, and the United States District Court for the District of Nevada also issued a series of general orders to address the Court's efforts to mitigate the spread of Covid-19, including orders affecting most aspects of civil litigation. Statewide Directives restricting normal business and public activities began to lift on or around March 2021, and jury trials were recently ordered to resume in the District of Nevada on March 8, 2021. *See, e.g.* Fourth Amended Temporary General Order 2020-03. As restrictions are being

lifted and business is moving forward again, the parties anticipate that discovery will now proceed within the normal course.

The parties are working to complete discovery within the time period set forth in the initial scheduling order, and this is the first request for extension of discovery deadlines. However, due to restrictions and constraints on counsel, the parties agree that the current discovery deadlines provide insufficient time to complete the remaining discovery, and would impose undue time and economic burdens on all parties, particularly given the imminent initial expert disclosure deadline. For example, under the current deadlines, initial expert disclosures would need to be served before all party depositions have been completed, which would result in unnecessary supplemental reports, increasing costs to the parties to obtain rush or rough draft deposition transcripts for their experts to review. In particular, the initial expert deadline needs to be extended to allow experts to review documents in the preparation of their reports and to render their opinions after receiving the remaining discovery. Accordingly, additional time is needed to conduct the requisite discovery, investigation, and preparation to ensure that his matter is properly adjudicated on the merits.

Given the size of this litigation and the issues at stake, and the necessary discovery remaining to be completed, the parties respectfully request that the Court order an extension of the existing deadlines, as proposed below.

V.     **PROPOSED MODIFICATION**

Based on the foregoing, the parties jointly seek a modification of the current deadlines as follows:

1. <u>Current Deadlines:</u>

   | | |
   |---|---|
   | Fact discovery cut-off date | September 28, 2021 |
   | Amend the pleading and add parties | June 30, 2021 |
   | Initial expert disclosures | July 30, 2021 |

| | |
|---|---|
| Rebuttal expert disclosures | August 30, 2021 |
| Dispositive motions | October 28, 2021 |
| Proposed joint pretrial order | November 30, 2021 |

2. ~~Proposed~~ Deadlines:

| | |
|---|---|
| Amend the pleading and add parties | June 30, 2021 |
| Fact discovery cut-off date | March 30, 2022 |
| Initial expert disclosures | January 3, 2022 |
| Rebuttal expert disclosures | February 3, 2022 |
| Dispositive motions | April 4, 2022 |
| Joint pretrial order | May 4, 2022 |

This request is made in good faith and not for the purposes of delay.

**IT IS SO STIPULATED.**

DATED this 18th day of June, 2021           DATED this 18th day of June, 2021

MESSNER REEVES LLP                          MORALES FIERRO & REEVES

*/s/ Michael M. Edwards*                    */s/ William Reeves*

MICHAEL EDWARDS. ESQ.                       RAMIRO MORALES
Nevada Bar No. 6281                         Nevada Bar No. 7101
RYAN A. LOOSVELT, ESQ.                      WILLIAM REEVES
Nevada Bar No. 8550                         Nevada Bar No. 8235
8945 W. Russell Road, Suite 300             600 S. Tonopah Dr., Suite 300
Las Vegas, Nevada 89148                     Las Vegas, NV 89106
*Attorneys for Defendant*                   *Attorneys for Plaintiff*
*Aspen Specialty Insurance Company*         *Zurich American Insurance Company*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: June 21, 2021

# CERTIFICATE OF SERVICE

I certify that I am an employee of Messner Reeves LLP and that on this 18th day of June, 2021, I served a true and correct copy of the foregoing **AMENDED STIPULATION AND ORDER TO EXTEND DISCOVERY (FIRST REQUEST)** to all parties on file:

Ramiro Morales, Esq
William Reeves, Esq
MORALES, FIERRO, & REEVES
600 S. Tonopah Drive, Suite 300
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*
*Zurich American Insurance Company*

[  ]   Hand Delivery
[  ]   FACSIMILE TRANSMISSION
[  ]   U.S. MAIL, POSTAGE PREPAID
[ X ]  CM/ECF E-Filing Service System
[  ]   Electronic Mail

                                        */s/ Laurie Moreno*
                                        An Employee of Messner Reeves LLP

# Laurie Moreno

| | |
|---|---|
| **From:** | William Reeves <wreeves@mfrlegal.com> |
| **Sent:** | Friday, June 18, 2021 2:49 PM |
| **To:** | Laurie Moreno |
| **Cc:** | Michael Edwards; Desja Wilder; Ryan A. Loosvelt; Stephanie Bedker |
| **Subject:** | RE: Zurich v. Aspen (Cochran) |

You are so authorized.  Thanks.

William C. Reeves
**MORALES • FIERRO • REEVES**
2151 Salvio Street, Suite 280
Concord, CA 94520
(925) 288-1776

---

**From:** Laurie Moreno [mailto:LMoreno@messner.com]
**Sent:** Friday, June 18, 2021 2:46 PM
**To:** William Reeves
**Cc:** Michael Edwards; Desja Wilder; Ryan A. Loosvelt; Stephanie Bedker
**Subject:** RE: Zurich v. Aspen (Cochran)

*Sent on behalf of Michael M. Edwards*

Good afternoon,

Attached please find the Amended Stipulation and Order to Extend Discovery for your review. Please advise if we have your authority to affix your electronic signature on the Stipulation.

Thank you.

**Laurie Moreno**
*Legal Assistant*

**Messner Reeves LLP**
8945 W. Russell Road | Suite 300
Las Vegas, NV 89148
702.363.5100 *main* | 702.363.5101 *fax*
LMoreno@messner.com
**messner.com**

---

**From:** Ryan A. Loosvelt <RLoosvelt@messner.com>
**Sent:** Thursday, June 17, 2021 4:52 PM
**To:** William Reeves <wreeves@mfrlegal.com>
**Cc:** Michael Edwards <medwards@messner.com>; Desja Wilder <DWilder@messner.com>; Laurie Moreno <LMoreno@messner.com>
**Subject:** Re: Zurich v. Aspen (Cochran)

We plan to circulate a draft of a revised stipulation tomorrow with the contents/discovery parameters the court referenced in its order on the prior stip.  Please let us know if you will not be around tomorrow to review.

Thanks,

1