**MICHAEL EDWARDS. ESQ.**
Nevada Bar No. 6281
**DEREK R. NOACK, ESQ.**
Nevada Bar No. 15074
**MESSNER REEVES LLP**
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
medwards@messner.com
dnoack@messner.com
*Attorneys for Defendant*
*Aspen Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ZURICH AMERICAN INSURANCE COMPANY,

Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE COMPANY,

Defendant.

CASE NO.: 2:20-cv-01374-APG-DJA

**STIPULATION AND ~~[PROPOSED]~~ ORDER TO EXTEND DISCOVERY**

**(THIRD REQUEST)**

Pursuant to Local Rules IA 6-1 and 26-3, IT IS HEREBY STIPULATED AND AGREED by and between ZURICH AMERICAN INSURANCE COMPANY ("Plaintiff") and ASPEN SPECIALTY INSURANCE COMPANY ("Defendant") that the current discovery deadlines be extended in the above referenced matter. This is the second stipulation to extend discovery deadlines.

## I. BACKGROUND

This case filed on September 9, 2020, is an insurance coverage dispute that arises out of the alleged failure of Defendant to provide proper defense and its refusal to settle an underlying personal injury claim within policy limits related to injuries sustained by Steven and Melissa Cochran, which occurred at the Marquee Nightclub ("Marquee") in The Cosmopolitan Hotel and Casino ("Cosmopolitan"). As the general liability policy insurer for the Cosmopolitan, Plaintiff

brings claims against Defendant for subrogation, contribution, and indemnification against Defendant, the general liability policy insurer for the Marquee.

Defendant filed a Motion to Dismiss Plaintiff's Complaint on October 27, 2020 (Doc. 7). Plaintiff filed an Opposition to the Motion to Dismiss on December 1, 2020, and Defendant filed its Reply on January 5, 2021. (Doc. Nos. 11, 18). The Court issued its Order Granting in Part Motion to Dismiss on August 6, 2021. (Doc. No. 29). Thereafter, Plaintiff filed a First Amended Complaint on August 31, 2021. (Doc. No. 30). Defendant filed a Motion to Dismiss the Amended Complaint on September 14, 2021 (Doc. No. 31), but then subsequently withdrew this and filed an Amended Motion to Dismiss Plaintiff's Fourth Cause of Action on September 20, 2021 (Doc. No. 33.) Plaintiff filed an Opposition to the Amended Motion to Dismiss on October 1, 2021, and Defendant filed its Reply on October 8. 2021. (Doc Nos. 35, 36). The Motion having been fully briefed, the parties are awaiting a ruling from the Court. As such, no answer has been filed as of yet in this action.

On April 1, 2021, the parties met and conferred to discuss the scope of discovery, issues involving disclosures, discovery and preservation of electronically stored information, and potential claims of privilege. Subsequently, on April 21, 2021, the parties submitted their Stipulated Discovery Plan and Scheduling Order, requesting special scheduling review (Doc. No. 21). The Court denied the Stipulated Discovery Plan and Scheduling Order without prejudice, stating the parties failed to demonstrate adequate reason for the lengthy discovery period of 384 days requested therein (Doc. No. 22). At that time, the Court ordered that discovery begin and provided a scheduling order whereby initial expert disclosures would be due three months after the date of the April 30, 2021 Order. *See id.*

The parties subsequently filed a Stipulation and Order to Extend Discovery (First Request) and for Defendant to Serve Supplemental Responses to Plaintiff's First Set of Request for Production of Documents ("First Stipulation"), requesting a six-month extension of the discovery

deadlines set by the Court on April 30, 2021. (Doc. No. 23). The Court denied the First Stipulation without prejudice for failure to comply with the requirements of Local Rule 26-3, and ordered that any subsequent stipulation to extend discovery deadlines comply with the provisions of LR 26-3. (Doc No. 24). The parties filed an Amended Stipulation and Order to Extend Discovery in compliance with the Court's directives. (Doc. No. 25). The Court granted the Amended Stipulation and Order to Extend Discovery. (Doc. No 26).

Thereafter, the parties exchanged FRCP 26 Disclosures, including supplemental disclosures of related documents and witnesses. The parties have engaged in an exchange of discovery requests. Defendant has produced additional documents and a corresponding privilege log. In October, 2021, Plaintiff issued a subpoena duces tecum to Selman Breitman, LLP, which is the law firm that handled the underlying lawsuit on behalf of Marquee and Cosmopolitan. An issue arose regarding the production of certain attorney-client privileged documents within the Selman Breitman file from the underlying action that both Marquee and Cosmopolitan would have claims for privilege with respect to. This dispute centers around who is the holder of the privilege and whether the privilege applies given the claims at issue in this case.

The parties met and conferred and agreed to work with representatives of non-parties Marquee and Cosmopolitan to secure the proper waivers of attorney-client privilege to allow for the production of the privileged documents. By November, 2021, the parties had located the representatives for Marquee and Cosmopolitan, and jointly communicated by telephone conferences attended by all parties to discuss the privilege issues and work to secure privilege waivers. Marquee's representative has indicated a willingness to waive privilege should Cosmopolitan so waive with respect the Selman Breitman file. The parties were awaiting Cosmopolitan's response and continued following up by phone and email with Cosmopolitan's counsel dating from December, 2021 to secure the proper privilege waiver.

The privileged documents are agreed as necessary for the parties to adequately produce expert disclosures. From the perspective of Plaintiff, the documents are key and central to its claims such that without them, Plaintiff's ability to prosecute its claims is substantially hampered. The parties therefore submitted a second request to extend dates due to the waiting of a response from Cosmopolitan's counsel to allow for the production of these documents. The parties filed the Second Request for Stipulation and Order to Extend Discovery. (Doc. No. 37). The Court granted the Second Request for Stipulation and Order to Extend Discovery. (Doc. No 38).

Thereafter, from January to March of 2022, the Parties were able to both communicate with Cosmopolitan's counsel to confirm Cosmopolitan's position on the production of documents from the Selman Breitman Law Firm. Cosmopolitan's counsel initially allowed for the production of certain documents from the Selman Breitman file in redacted form. Aspen produced these documents, as directed by counsel for Cosmopolitan, as a Third Supplemental Production on February 28, 2022.

Following the supplement, the parties were able to further discuss the production of the additional documents from the Selman Breitman Law Firm with counsel for Cosmopolitan. All parties have tentatively agreed upon entering into a Common Interest Agreement with Cosmopolitan so the Selman Breitman file may be produced in unredacted form. It is anticipated thee agreement will be entered into before the end of March, 2022 to allow for the production of the file. As set forth above, the documents are important for the parties' respective experts to review prior to the setting forth their initial reports in this case.

The parties therefore submit this third request for extension of dates.

## II. DISCOVERY COMPLETED TO DATE

On December 4, 2020, Plaintiff propounded its First Set of Requests for Production, and Defendant served its responses on January 6, 2021.

On May 26, 2021, Plaintiff served its initial disclosures.

On July 7, 2021, Defendant propounded its First Set of Requests for Production, and Plaintiff served its responses on August 13, 2021.

On July 7, 2021, the parties stipulated to a protective order regarding the production of documents in this case. The stipulated order was granted on July 8, 2021.

On July 9, 2021, Defendant served its initial disclosures.

On October 25, 2021, Plaintiff served its first notice of production of documents.

On October 27, 2021, Plaintiff served a notice of subpoena to Selman Breitman, LLP.

On October 29, 2021, Defendant served a notice of production of documents and first supplemental disclosures, inclusive of a privilege log for attorney-client communications from the underlying action.

On November 8, 2021, Defendant served its second supplemental disclosures of witnesses and documents.

On November 11, 2021, Defendant served an objection to the attorney-client privileged documents implicated in Plaintiff's notice of subpoena to Selman Breitman, LLP.

On February 28, 2022, Defendant served its third supplemental disclosures of witnesses and documents.

## III. DISCOVERY THAT REMAINS TO BE COMPLETED

The parties will continue to produce and supplement their FRCP 26 disclosures as necessary and appropriate, as additional information and documentation are made available in the course of discovery. Specifically, the parties intend to obtain and produce the remaining pleadings, motions, and other papers on file in the underlying action and to subpoena non-privileged files in the underlying case, including defense files, non-privileged communications, and related records, as well as their own claims files and other non-party insurer claims files. Defendant is collecting information and documentation regarding the underlying personal injury action to fully evaluate Plaintiff's alleged injuries and reviewing the same for privilege prior to serving its initial

production. Documents may need to be produced subject to a Stipulated Protective Order, as to be negotiated by the parties and approved by the Court.

Additionally, the parties are working to obtain attorney-client privilege waivers from Marquee and Cosmopolitan to properly exchange the privileged communications from the underlying action. Marquee has waived privilege and the parties are working with Cosmopolitan to enter into a Common Interest Agreement to allow for the production of the additional communications and documents in this case.

Prior to disclosing expert reports, the parties anticipate that the additional privileged communications will need to be reviewed and numerous depositions are to be taken, including, but not limited to, percipient witnesses to the underlying personal injury action, each other's Rule 30(b)(6) witnesses, non-party insurance representatives and underlying defense counsel, including counsel from the law firms for Plaintiff from the underlying action and the Selman Breitman, LLP firm. It is anticipated that the extension of time will allow for any further issues regarding privilege to be resolved.

The parties need to designate initial experts and exchange reports after depositions are taken. The parties will then need to conduct the depositions of Plaintiff's Expert(s) and Defendant's Expert(s).

Defendant may serve additional written discovery requests on Plaintiff, and Plaintiff may serve additional written discovery as needed.

## IV. REASONS FOR NOT COMPLETING DISCOVERY

The parties respectfully request this extension to allow for the non-parties, Marquee and Cosmopolitan, to waive the attorney-client privilege with respect to the Selman Breitman, LLP file for the underlying action. The parties have communicated with representatives from each of the non-parties, have now received a waiver from Marquee, but have unfortunately not received a waiver from Cosmopolitan as of the time of this stipulation. The parties anticipate the waivers

will be secured, but need more time to complete this given the length of time the non-parties have taken in presenting their position on privilege. To that end, the parties have circulated a Common Interest Agreement to be signed by all parties, including Marquee and Cosmopolitan. Additional written discovery and depositions with then need to take place prior to the initial expert disclosure deadline. This is an alleged subrogation action amongst insurers concerning alleged damages for payments made in an underlying action. This discovery extension is requested based on the complexity of this case, the ongoing issues of attorney-client privileged for the lawfirm handling the underlying case which are central to the claims in the present subrogation matter, prior delays associated with the COVID-19 crisis, and the need for discovery prior to initial expert designations and reports.

The lack of attorney-client privilege waivers coupled with the volume of further discovery necessary in a high stakes insurance subrogation case with significant damages at issue makes it challenging to obtain the information and conduct all necessary depositions in time to serve expert disclosures under the standard deadlines. The parties submit the issues in the case, the volume of discovery necessary in a case such as this, and the necessity of securing attorney-client privilege waivers from non-parties Marquee and Cosmopolitan that have both not provided these to date constitutes good cause to extend the deadlines for the parties in this case. The parties acknowledge they were slow to start discovery while awaiting a ruling on the still-pending Motion to Dismiss that seeks potentially dispositive relief, but intend on continuing to complete discovery diligently moving forward to meet the proposed extended deadlines. The attorney-client privileged documents will be provided immediately once the proper privilege waiver is secured from the non-parties as such documents have already been compiled with respect to Selman Breitman, LLP.

Additionally, good cause exists to extend the discovery deadlines given the inherent difficulties and delays necessarily associated with completing discovery during the Covid-19 crisis earlier in this litigation and the additional strains of the recent Omicron variant. Since March

2020, Nevada has been under various Emergency Directives from the Nevada Governor's Office due to the Covid-19 crisis, and the United States District Court for the District of Nevada also issued a series of general orders to address the Court's efforts to mitigate the spread of Covid-19, including orders affecting most aspects of civil litigation. Statewide Directives restricting normal business and public activities began to lift on or around March 2021, and jury trials were recently ordered to resume in the District of Nevada on March 8, 2021. *See, e.g.* Fourth Amended Temporary General Order 2020-03. As restrictions are being lifted and business is moving forward again, the parties anticipate that discovery will now proceed within the normal course.

The parties are continuing to work diligently to complete discovery within the time period set forth in the initial scheduling order, and this is the second request for extension of discovery deadlines. However, due to restrictions and constraints on counsel, as well as the reliance on representatives of non-parties to this litigation to issue attorney-client privilege waivers, the parties agree that the current discovery deadlines provide insufficient time to complete the remaining discovery, and would impose undue time and economic burdens on all parties, particularly given the imminent initial expert disclosure deadline.

For example, under the current deadlines, initial expert disclosures would need to be served before the privileged documents from Selman Breitman have been served, before all party depositions have been completed, both of which would result in unnecessary supplemental reports, increasing costs to the parties to obtain rush or rough draft deposition transcripts for their experts to review. In particular, the initial expert deadline needs to be extended to allow experts to review the further attorney-client privileged documents in the preparation of their reports and to render their opinions after receiving the remaining discovery. Accordingly, additional time is needed to conduct the requisite discovery, investigation, and preparation to ensure that his matter is properly adjudicated on the merits.

Given the size of this litigation and the issues at stake, and the necessary discovery remaining to be completed, the parties respectfully request that the Court order an extension of the existing deadlines, as proposed below.

## V. PROPOSED MODIFICATION

Based on the foregoing, the parties jointly seek a modification of the current deadlines as follows:

1. Current Deadlines:

| | |
|---|---|
| Amend the pleading and add parties | June 30, 2021 (no change) |
| Fact discovery cut-off date | June 30, 2022 |
| Initial expert disclosures | April 4, 2022 |
| Rebuttal expert disclosures | May 4, 2022 |
| Dispositive motions | July 7, 2022 |
| Joint pretrial order | August 4, 2022 |

2. Proposed Deadlines:

| | |
|---|---|
| Amend the pleading and add parties | June 30, 2021 (no change) |
| Fact discovery cut-off date | August 26, 2022 |
| Initial expert disclosures | June 3, 2022 |
| Rebuttal expert disclosures | July 1, 2022 |
| Dispositive motions | September 26, 2022 |
| Joint pretrial order | October 26, 2022 |

/ / /

/ / /

/ / /

/ / /

/ / /

In the event that any party files a dispositive motion, the deadline to file the Joint Pretrial Order is extended to thirty (30) days after a ruling issues. This request is made in good faith and not for the purposes of delay.

**IT IS SO STIPULATED.**

DATED this 11th day of March, 2022

MESSNER REEVES LLP

*/s/ Michael M. Edwards*

MICHAEL EDWARDS. ESQ.
Nevada Bar No. 6281
DEREK NOACK, ESQ.
Nevada Bar No. 15074
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148
*Attorneys for Defendant*
*Aspen Specialty Insurance Company*

DATED this 11th day of March, 2022

MORALES FIERRO & REEVES

*/s/ William C. Reeves*

RAMIRO MORALES
Nevada Bar No. 7101
WILLIAM REEVES
Nevada Bar No. 8235
600 S. Tonopah Dr., Suite 300
Las Vegas, NV 89106
*Attorneys for Plaintiff*
*Zurich American Insurance Company*

**ORDER**

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: March 15, 2022

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Messner Reeves LLP and that on this 14th day of March, 2022, I served a true and correct copy of the foregoing **STIPULATION AND ORDER TO EXTEND DISCOVERY (THIRD REQUEST)** to all parties on file:

Ramiro Morales, Esq
William Reeves, Esq
MORALES, FIERRO, & REEVES
600 S. Tonopah Drive, Suite 300
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*
*Zurich American Insurance Company*

[ ] Hand Delivery
[ ] FACSIMILE TRANSMISSION
[ ] U.S. MAIL, POSTAGE PREPAID
[ X ] CM/ECF E-Filing Service System
[ ] Electronic Mail

*/s/ Laurie Moreno*
An Employee of Messner Reeves LLP

**Laurie Moreno**

---

**From:** William Reeves <wreeves@mfrlegal.com>
**Sent:** Friday, March 11, 2022 12:48 PM
**To:** Derek Noack
**Cc:** Stephanie Bedker; Laurie Moreno
**Subject:** RE: [EXTERNAL] - FW: 9779.0002 - Zurich v. Aspen

OK to sign. Thanks.

William C. Reeves
**MORALES • FIERRO • REEVES**

**CA Office**
2151 Salvio Street
Suite 280
Concord, CA 94520
925/288-1776

**AZ Office**
3420 East Shea Blvd.
Suite 200
Phoenix, AZ 85028
602/258-0755

**NV Office**
600 S Tonopah Drive
Suite 300
Las Vegas, NV 89106
702/699-7822

*****************PLEASE NOTE ***************
This email message and any documents accompanying this transmittal may contain privileged and/or confidential information and is intended solely for the addressee(s) named above. If you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution or reliance on the contents of this email information is strictly prohibited and may result in legal action against you. Please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Thank you.

---

**From:** Derek Noack [mailto:DNoack@messner.com]
**Sent:** Friday, March 11, 2022 11:36 AM
**To:** William Reeves
**Cc:** Stephanie Bedker; Laurie Moreno
**Subject:** RE: [EXTERNAL] - FW: 9779.0002 - Zurich v. Aspen

Mr. Reeves:

Attached for your review is a third request to extend (by 60-days) to allow for this common interest agreement to be entered and documents produced. Please advise of any changes. If there is none, then please confirm your authority to provide your e-signature so we may file.

**DEREK R. NOACK**
Attorney
**Messner Reeves LLP**
**O:** 702.363.5100 **E:** dnoack@messner.com
8945 W. Russell Road, Suite 300, Las Vegas, NV 89148

---

**From:** William Reeves <wreeves@mfrlegal.com>
**Sent:** Wednesday, March 9, 2022 8:55 AM
**To:** Derek Noack <DNoack@messner.com>