UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>ASPEN SPECIALTY INSURANCE COMPANY,<br><br>Defendant | Case No.: 2:20-cv-01374-APG-DJA<br><br>**Order Staying Case**<br><br>[ECF Nos. 33, 40] |

The parties agree that this case should be stayed pending the Supreme Court of Nevada's ruling on defendant Aspen Specialty Insurance Company's petition for a writ of mandamus in a separate action before that court in *Aspen Specialty Insurance Company v. District Court (St. Paul Fire & Marine Insurance Company)*, Case No. 83794. ECF Nos. 40, 42. Aspen contends a stay is also warranted until the Supreme Court of Nevada resolves an appeal coming out of the same state court case, *St. Paul Fire & Marine Insurance Company v. National Union Fire Insurance Company of Pittsburg, PA, et al.*, Case No. 81344 (the "St. Paul appeal"). Zurich does not specifically respond to the *St. Paul* appeal, and instead contends that any stay should be lifted once the Supreme Court of Nevada resolves Aspen's writ petition.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of

the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

I grant Aspen's motion to stay the case pending resolution of both its petition and the *St. Paul* appeal. Both matters currently before the Supreme Court of Nevada involve issues similar to those raised in this case and any rulings by that court are likely to provide valuable guidance on Nevada law governing the claims in this case. Zurich agrees a stay is warranted for the writ petition, so it has not identified any harm from a stay. Additionally, any stay is likely to be relatively short, given that the briefing related to the writ petition is nearing completion and the *St. Paul* appeal is set for oral argument on April 5, 2022.

I deny without prejudice Aspen's motion to dismiss so the parties may brief dismissal with the benefit of any guidance the Supreme Court of Nevada provides. Aspen may refile a motion to dismiss after the stay is lifted.

I THEREFORE ORDER that defendant Aspen Specialty Insurance Company's motion to stay case **(EFC No. 40) is GRANTED**. This case is **STAYED** pending the Supreme Court of Nevada's resolution of *Aspen Specialty Insurance Company v. District Court (St. Paul Fire & Marine Insurance Company)*, Case No. 83794 and *St. Paul Fire & Marine Insurance Company v. National Union Fire Insurance Company of Pittsburg, PA, et al.*, Case No. 81344. Any party may move to lift stay upon that court's resolution of those cases.

I FURTHER ORDER that defendant Aspen Specialty Insurance Company's motion to dismiss **(ECF No. 33) is DENIED** without prejudice to refile once the stay is lifted.

DATED this 23rd day of March, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2